# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE J. MAZZA<br>9220 WOODLAND DRIVE<br>SILVER SPRING, MD 20910<br><br>*PLAINTIFF*,<br><br>v.<br><br>GEORGETOWN UNIVERSITY<br>37TH AND O STREETS, N.W.<br>WASHINGTON, D.C. 20057,<br><br>*DEFENDANT*. | CIVIL ACTION NO. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff George J. Mazza ("Plaintiff" or "Mazza"), by and through his undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, files this Complaint against Georgetown University ("Defendant" or the "University"). This is an action for age discrimination under the federal Age Discrimination Act of 1975 ("Age Act"), 42 U.S.C. §§ 6101-07 (2012), and the District of Columbia Human Rights Act of 1977 ("DCHRA"), D.C. Code §§ 2-1401.01 to 2-1411.06 (2018), arising from the Defendant's failure and refusal to admit Mazza into the Defendant's doctoral program ("the doctoral program") in the Department of Theology in the University's Graduate School of Arts and Sciences (the "Department") for admission in the Fall of 2017. As the Plaintiff alleges more fully below, the Defendant's process and criteria for selecting candidates for the doctoral program unlawfully discriminated against him on the basis of his age.

## INTRODUCTION

1. Plaintiff Mazza brings this action for declaratory and injunctive relief and damages arising from the Defendant's refusal to admit him to the doctoral program because of age, notwithstanding his exceptional credentials and qualifications.

## THE PARTIES

2. Plaintiff George J. Mazza is a citizen and resident of Silver Spring, Maryland. The Plaintiff is currently sixty-two years of age, having been born on July 3, 1955.

3. Defendant University is located in the District of Columbia at 37th and O Streets, N.W. The University is affiliated with the Society of Jesus, a religious order of the Roman Catholic Church. However, the Department of Theology's focus is on comparative religion, with a faculty who are scholars in a variety of religious traditions. There are no religious requirements either for admission or teaching in the Department. According to the University, it provides full tuition and a living stipend for five years to every student admitted to the doctoral program. While the annual living stipend for candidates selected for admission for the 2017-2018 calendar year was greater than $25,000, admission decisions are merit-based, and do not take into account a prospective student's financial status. The University is a recipient of federal financial assistance from the U.S. Department of Education and other federal agencies.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 6104(e), because the actions complained of occurred in the District of Columbia. The Court has supplemental jurisdiction over the claims arising under the DCHRA pursuant to 28 U.S.C. § 1367.

5. Venue properly lies within this judicial district pursuant to 42 U.S.C. § 6104(e) because the Defendant University is located and transacts business in this district.

## FACTUAL BACKGROUND

6. The Plaintiff timely submitted an application for admission to the Department's doctoral program for the Fall of 2017. At the time of his completed application, he was sixty-one years old. The electronic application requires various input that would reveal the age of the candidate, including a specific inquiry about the applicant's age, and other questions that would reveal an applicant's age, including the date of the applicant's undergraduate degree and the number of years of the candidate's relevant work or professional experience.

7. The Plaintiff was highly qualified at the time of his application by virtue of his distinguished academic and professional career. He holds several advanced degrees, including an A.M. from the Divinity School of the University of Chicago, an M.Div. from St. Meinrad School of Theology, an M.P.A. from the Kennedy School of Government at Harvard University, and a J.D. from the Georgetown University Law Center. He has served in a senior position in the U.S. Department of Justice for over twenty years, supervising a team of experienced attorneys who investigate complex civil rights cases, representing the Justice Department on a White House interagency initiative on religious issues, publishing findings and reports with national impact, and serving on a national faculty for civil rights investigators.

8. The Plaintiff's extensive writings and publications (itemized as part of his application) made him a superior candidate. And based on conversations with University faculty members prior to his application, the Plaintiff understood that he was well-positioned for admission. In April 2016, and again in November 2016, Drs. Leo D. Lefebure and Peter C. Phan encouraged the Plaintiff to apply to the Department's doctoral program, stating that the course of

studies that the Plaintiff was proposing in Christian-Jewish relations was well-suited to the resources and expertise of the Department. Dr. Lefebure even volunteered to work with the Plaintiff to guide his doctoral studies, a gesture he would not have made had he thought the Plaintiff unqualified for admission. And Dr. Phan confirmed that the Plaintiff's proposed doctoral studies were reasonable.

9. On February 14, 2017, the Plaintiff was notified by Dr. Jonathan Ray, then director of graduate studies for the Department, that the admissions committee had not recommended him for admission. Later that same day, the Plaintiff e-mailed Dr. Ray, requesting a meeting to learn more about the admissions committee's decision. Dr. Ray responded on February 16, 2017, indicating that it was not the Department's practice to meet with rejected applicants. The Plaintiff replied that same day (February 16, 2017) by e-mail, asking Dr. Ray to reconsider his decision and asking for guidance for assessing the Plaintiff's prospects for reapplying the following year.

10. As no response from Dr. Ray was forthcoming, the Plaintiff e-mailed Dr. Ray on February 19, 2017, asking if he could refer the Plaintiff to someone at the University to whom he could address questions concerning admissions for 2018. On February 21, 2017, Dr. Ray responded to the Plaintiff, indicating "[i]f you wish to reapply for 2018, you are certainly welcome to do so. I do not know that there is anything specific that you need to change or improve your application."

11. The Plaintiff subsequently met with Dr. Phan on April 17, 2017, to discuss his failed application. Dr. Phan holds the Ellacuria Chair for Catholic Social Thought in the Department and is a member of the admissions committee for graduate admissions to the Department. Dr. Phan told the Plaintiff in their meeting that the admissions committee did not

question his qualifications. Dr. Phan indicated that the preeminent selection criterion was whether the admissions candidate would likely find on graduation a full-time, tenure-track, faculty position at a major university. Dr. Phan told the Plaintiff that no major university would consider him for a full-time, tenure-track, position because of his age, and because of that the admissions committee could not justify offering him a position within the doctoral program, despite his qualifications. Dr. Phan further indicated that the University similarly relied on age in its hiring decisions, explaining that if two similarly qualified candidates applied for a tenure-track position, and one was thirty-five and the other sixty-five, the Department would clearly prefer the younger candidate. The Plaintiff's age was a motivating factor in his non-selection. But for his age, the Plaintiff would have been selected.

12. On the basis of information and belief, historically, the candidates selected for the doctoral program appear to be substantially younger than the Plaintiff. The date of the undergraduate degree for each of the doctoral students is a reasonable proxy for the age of each of them. According to the Department's website, as of February 2017, there were twenty doctoral students admitted since 2012 with undergraduate degree dates ranging from 1997 to 2014. The Plaintiff received his undergraduate degree in 1976, twenty-one years earlier than the earliest listed degree date (1997) of the doctoral program participants and thirty-eight years before the latest listed degree date (2014) of the doctoral program participants.

13. On April 10, 2017, the Plaintiff filed an Administrative Complaint with the Office for Civil Rights at the U.S. Department of Education alleging that the University's decision denying him admission to the doctoral program was based on his age in violation of the Age Act. No action has been taken on the Plaintiff's Administrative Complaint.

14. By registered letters dated December 21, 2017, the Plaintiff gave notice of his intent to sue to the Secretary of the U.S. Department of Education, the Secretary of the U.S. Department of Health and Human Services, the Attorney General of the United States, and the Defendant as required by 34 C.F.R. § 110.39(b)(iii). Each of the letters stated the alleged violation of the Age Act, the relief requested, the court in which the action will be filed, and a demand for attorneys' fees. The Plaintiff has exhausted his administrative remedies. In accordance with 34 C.F.R. § 110.39, the U.S. Department of Education notified the Plaintiff on October 10, 2017, that administrative remedies were exhausted and that he was free to file a civil action in federal court.

## COUNT I
### (Age Discrimination Act of 1975)

15. Plaintiff Mazza hereby repeats and realleges all of the allegations of the preceding paragraphs, as if fully set forth herein.

16. The Age Act makes it unlawful to exclude from participation, deny benefits, or subject anyone to discrimination on the basis of age in any program or activity receiving federal financial assistance. Defendant Georgetown University is a program or activity receiving federal financial assistance and is, therefore, subject to the provisions of the Age Act.

17. By virtue of his superior experience and qualifications, the Plaintiff was qualified for selection into the doctoral program in the University's Department of Theology. Notwithstanding his superior qualifications, the Plaintiff was rejected because of his age in violation of the Age Act. The Plaintiff's age was a motivating factor in his non-selection. But for his age, he would have been selected.

18. As a consequence, the Plaintiff has suffered damages and other injuries, including but not limited to monetary loss, lost career opportunities, and emotional pain and suffering.

## COUNT II

### (District of Columbia Human Rights Act of 1977)

19. Plaintiff Mazza hereby repeats and realleges all of the allegations of the preceding paragraphs, as if fully set forth herein.

20. The DCHRA makes it unlawful for an educational institution to deny, restrict, or abridge the services, programs, or benefits of any program or activity to any person otherwise qualified, wholly or partially, based on actual or perceived age. D.C. Code § 2-1402.41(1).

21. By virtue of his superior experience and qualifications, the Plaintiff was qualified for selection into the doctoral program in the University's Department of Theology. Notwithstanding his superior qualifications, the Plaintiff was rejected, either in part or wholly, because of his age in violation of the DCHRA. The Plaintiff's age was a motivating factor in his non-selection. But for his age, he would have been selected.

22. As a consequence, the Plaintiff has suffered damages and other injuries, including but not limited to monetary loss, lost opportunities, and emotional pain and suffering.

### **PRAYER FOR RELIEF**

Plaintiff Mazza requests the following relief:

A. Declaratory Relief that Defendant Georgetown University has violated the Age Act and the DCHRA by its refusal and failure to admit the Plaintiff to the doctoral program because of his age;

- 8 -

B. Injunctive Relief that requires that Defendant Georgetown University to admit Plaintiff Mazza into the doctoral program beginning in the Fall of 2018 with all the benefits and emoluments of similarly situated successful candidates.

C. Monetary Relief including:

1. The payment of all benefits and stipends that should have been paid to Plaintiff Mazza, but were not, due to the unlawful consideration of his age;

2. Compensatory damages under the DCHRA arising from the Defendant's unlawful actions;

3. Attorneys' fees and costs;

4. Prejudgment interest; and

5. Such other monetary and equitable relief that the Court may find just and reasonable.

- 9 -

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated: February 12, 2018

                          **GEORGE J. MAZZA**

                          By: /s Raymond C. Fay
                          Raymond C. Fay D.C. Bar 188649
                          Fay Law Group PLLC
                          1250 Connecticut Avenue, NW
                          Suite 200
                          Washington, D.C. 20036
                          (202) 263-4604 (Phone)
                          (202) 261-3508 (Facsimile)
                          rfay@faylawdc.com

                          /s Christopher G. Mackaronis
                          Christopher G. Mackaronis
                          Bar No. 08216
                          Stone Mattheis Xenopoulos & Brew, P.C.
                          1025 Thomas Jefferson Street, NW
                          Eighth Floor — West Tower
                          Washington, DC 20007
                          (202) 342-0800 (Phone)
                          (202) 342-0807 (Facsimile)
                          chris.mackaronis@smxblaw.com

                          *Attorneys For Plaintiff*